UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| YOUSEF RAFATI, | ) | |
| | ) | |
| Plaintiff, | ) | No. 21 C 5680 |
| | ) | |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| BLUE CROSS BLUE SHIELD OF ILLINOIS, an operating division of HEALTHCARE SERVICE CORPORATION, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff alleges that defendant failed to promote him because of his race, national origin, religion, and sex in violation of Title VII. The case is before the Court on plaintiff's Federal Rule of Civil Procedure 37 motion to compel defendant to comply with his written discovery. For the reasons set forth below, the Court grants in part and denies in part the motion [42].

**Interrogatories**

Interrogatory 1 asks whether "any member of the GIRR team . . . ever receive[d] any credit or recognition for the team's Lotus Notes Misquotes database." (ECF 42, Attach. 1 at 1.) Defendant objected that, among other things, the phrase "credit or recognition" is vague and ambiguous. (*Id.* at 1-2.) The Court agrees, and the ambiguity is not cured by plaintiff's after-the-fact attempt to define those words in his motion. (*See* ECF 42 at 2-3.) Therefore, the Court sustains defendant's objection.

Interrogatory 4 asks defendant to:

Provide a clear explanation for each business need that resulted in a promotion for the following GIRR team member's position:

> The promotion of Buffy Leonard from Accountant I to Accountant II.
> The promotion of Buffy Leonard from Accountant II to Accountant III.
> The promotion of Brandon Wilson from Accountant I to Accountant II.
> The promotion of Brandon Wilson from Accountant II to Accountant III.
> The promotion of Jamie Brasker from Accountant II to Accountant III.
> The promotion of Brook Gerber from Accountant I to Accountant II.
> The promotion of Tammy Johnson from Account Assistant to Accountant I.
> The promotion of Olufikayo Oladipo from Supervisor to Unit Manager.

(ECF 42, Attach. 1 at 2-3.) Defendant objected to this interrogatory as being overly broad, unduly burdensome, vague, ambiguous, and irrelevant, but provided the requested information pertaining to Brasker, Gerber, and Johnson. (*Id.* at 3.) This interrogatory is clear, narrowly tailored, and given that plaintiff alleges that he was discriminatorily denied promotions given to other team members, generally seeks relevant information. The exception is the request for information about Oladipo, who is plaintiff's supervisor, not his peer. Thus, defendant must provide all of the information requested in interrogatory 4, except that pertaining to Oladipo.

Interrogatory 7 asks defendant for "an explanation for Alberto Valenciana and Edward Gerald's refusal to provide the Plaintiff the Accountant II job description per his requests throughout 2015, 2016, and 2017." (*Id.* at 4.) Defendant objected that the interrogatory is conclusory, seeks irrelevant information, and seeks information beyond the October 25, 2017 limitations period. (*Id.*) Defendant does not explain the "conclusory" objection, and the interrogatory seeks information relevant to plaintiff's claim, even if it is from outside the limitations period. *See Mathewson v. Nat'l Automatic Tool Co.*, 807 F.2d 87, 91 (7th Cir. 1986) ("[I]t is well settled that evidence of earlier discriminatory conduct by an employer that is time-barred is nevertheless entirely appropriate evidence to help prove a timely claim based on subsequent discriminatory conduct by the employer."). Defendant must answer interrogatory 7.

Interrogatory 14 states: "Alberto Valenciana to provide details for how the manager's responsibilities were distributed amongst the team members in 2017 during the eight months the team operated without a manager or a supervisor." (ECF 42, Attach. 1 at 6.) Defendant objected that this interrogatory is vague and ambiguous, seeks irrelevant information, and seeks information beyond the October 25, 2017 limitations period. (*Id.*) Nonetheless, defendant answered that, "Mr. Valenciana assumed the management responsibilities previously performed by the prior manager." (ECF 46 at 7-8) (internal quotation marks omitted). Because plaintiff does not explain why this answer is inadequate, defendant need not provide another.

Interrogatory 19 asks defendant to "[i]dentify all team members who were responsible for creating new applications, process enhancements, process automations for the team, and details of the processes." (ECF 42, Attach. 1 at 8.) Defendant answered:

> BCBSIL objects to this Interrogatory on the grounds that it (i) is vague and ambiguous because it is unclear what constitutes "creating new system applications, process enhancements, process automations for the team, and details of the processes," as it is not clear what Plaintiff is asking, (ii) is overly broad and unduly burdensome to the extent it does not refer to a particular time period and (iii) requests information that is not relevant to the claims or defenses of either party. Subject to and without waiving the foregoing objections, BCBSIL identifies all team members as having the identified responsibilities.

(*Id.*) Despite its objections, defendant said that all team members had the identified responsibilities. (*Id.*) Because defendant provided an answer, the Court denies plaintiff's motion as to interrogatory 19 as moot.

Interrogatory 30 asks defendant to "[p]rovide a clear explanation for HCSC Human Resources and Compliance late follow up of two years to [plaintiff's] complaint on June 18, 2020." (*Id.* at 13.) Defendant said the question was conclusory and sought information protected by the attorney client or work product privileges. (*Id.*) Defendant did not, however, produce a privilege

3

log as Federal Rule of Civil Procedure 26(b)(5) requires. Accordingly, defendant must answer this interrogatory.[1]

**Requests to Produce ("RFPs")**

In RFP 4, plaintiff seeks "Buffy Leonard's Annual Goals with full description of each goal, performance reviews and final ratings for the following years: 2014, 2015, 2016, 2017, 2018, 2019, 2020, 2021, 2022." (ECF 42, Attach 2 at 2.) Defendant says it produced Leonard's reviews for 2017-21, and the earlier reviews are irrelevant and beyond the applicable limitations period. (ECF 46 at 9.) The Court disagrees. Plaintiff alleges that he requested but was denied promotions from 2015-17. If Leonard is one of plaintiff's comparators, and both parties seem to assume that she is, her 2014-16 performance reviews may shed light on his claim. Accordingly, defendant must produce these documents.

In RFP 5, plaintiff seeks Leonard's "salary history for all years on the plaintiff's team beginning in 2013 to 2022." (ECF 42, Attach. 2 at 2.) Defendant produced Leonard's salary history for 2017-22 but argues that her salary history for 2013-16 is irrelevant and beyond the applicable limitations period. (ECF 46 at 9.) A comparator's salary history may be relevant to damages if, for example, it showed how much more plaintiff would have earned had he been promoted. But plaintiff does not say when Leonard received promotions or how the 2013-16 salary information otherwise bears on his claim. Defendant need not produce these documents.

In RFPs 6, 7, and 8, respectively, plaintiff seeks evidence that Leonard submitted any of the team's monthly journals or the team's accounts reconciliation or processed the team's MLR requests. (ECF 42, Attach. 2 at 3.) Defendant says these requests seek irrelevant information. (ECF 46 at 9.) The Court agrees. Plaintiff does not explain what submitting monthly journals and

---

[1] Plaintiff has withdrawn interrogatories 2, 9-10, 18, 20-29, 33, 35-38. (ECF 42 at 4-5.)

accounts reconciliation or processing MLR requests has to do with eligibility for or success in obtaining promotions. Defendant does not have to produce these documents.

In RFPs 9 and 10, respectively, plaintiff seeks evidence that Leonard processed any of the team's ACCUMS or misquote requests. (ECF 42 at 10.) Defendant said it pointed plaintiff to pages of Leonard's performance reviews that reference her work on ACCUMS and misquotes. (ECF 46 at 9-10.) Because plaintiff does not explain why that is insufficient or explain the relevance of ACCUMS and misquote requests to his claims, defendant does not need to produce these documents.

In RFPs 12 and 13, respectively, plaintiff seeks the Accountant II job posting and application submitted by Jamie Brasker when she was hired for the job and the applications and resumes of the other people who applied. (ECF 42, Attach. 2 at 4.) Defendant says Brasker's application materials are irrelevant because, among other reasons, plaintiff did not apply for the position. (ECF 46 at 10.) Plaintiff contends they are relevant to his "claims that hiring Jamie Brasker was not based on her qualifications." (ECF 42 at 10.) But plaintiff does not allege that Brasker was hired instead of him or assert that he applied for the job she obtained. Accordingly, defendant need not produce the requested documents.

In RFPs 17-21, respectively, plaintiff seeks evidence that Brasker submitted any of the team's monthly journals or the team's accounts reconciliation or processed the team's MLR, ACCUMS, or misquote requests. (ECF 42, Attach. 2 at 5-6.) For the reasons discussed above with respect to RFPs 6-10, the Court sustains defendant's relevance objections.

In RFPs 26-30, respectively, plaintiff seeks evidence that Tenaya Hix submitted any of the team's monthly journals or the team's accounts reconciliation or processed the team's MLR,

5

ACCUMS or misquote requests. (*Id.* at 7-8.) For the reasons discussed above with respect to RFPs 6-10, the Court sustains defendant's relevance objections.

In RFPs 38-41, respectively, plaintiff seeks evidence that Brook Gerber submitted any of the team's monthly journals or the team's accounts reconciliation or processed the team's MLR, ACCUMS or misquote requests. (*Id.* at 10-11.) For the reasons discussed above with respect to RFPs 6-10, the Court sustains defendant's relevance objections.

In RFP 45, plaintiff seeks Oladipo's annual goals with full descriptions, performance reviews, and final ratings for 2018-22. (*Id.* at 12.) Because Oladipo is plaintiff's supervisor, not his peer, these documents are irrelevant to plaintiff's claim. *Snipes v. Ill. Dep't of Corr.*, 291 F.3d 460, 463 (7th Cir. 2002) (stating that comparators for employment discrimination claim "dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them.") (quotation omitted).

In RFP 46, plaintiff seeks documents that relate to communications between Oladipo and plaintiff concerning plaintiff's promotion. (ECF 42, Attach. 2 at 12.) Defendant says it referred plaintiff to a previously produced document that indicates plaintiff and Oladipo had discussions about plaintiff's promotion. (ECF 46 at 13.) If that is the only document responsive to this RFP, defendant has fulfilled its obligation. But if there are others, defendant must produce them because the requested documents are directly relevant to plaintiff's claim.

In RFP 48, plaintiff seeks annual goals with full descriptions, performance reviews, and final ratings for Brandon Wilson for 2014 and 2015. (ECF 42, Attach. 2 at 12.) Defendant objected that the requested documents are beyond the limitations period. (ECF 46 at 13.) If, as

the parties seem to assume, Wilson is one of plaintiff's comparators, his 2014-15 performance reviews may shed light on plaintiff's claim. Accordingly, defendant must produce them.

In RFP 49, plaintiff seeks Wilson's salary history beginning from 2013-16. (ECF 42, Attach. 2 at 12.) Defendant objected because Wilson left plaintiff's team in February 2015 and the requested documents are beyond the statute of limitations. (ECF 46 at 13.) As discussed above, a comparator's salary history might be relevant to damages if, for example, it showed how much more plaintiff would have earned had he been promoted. But plaintiff does not say when Wilson received promotions or how the 2013-16 salary information otherwise bears on his claim. Defendant need not produce these documents.

In RFP 50, plaintiff seeks Alberto Valenciana's annual goals, performance reviews, and final ratings for 2015-19. (ECF 42, Attach 2 at 13.) Defendant says, inter alia, that the requested documents are irrelevant because Valenciana is a manager in plaintiff's department, not one of his peers. (ECF 46 at 14.) For the reasons discussed above concerning RFP 45, defendant need not produce these documents.

In RFP 54, plaintiff seeks Jheri Roth's resume. (ECF 42, Attach. 2 at 14.) Defendant says this document is irrelevant because plaintiff did not apply for the position Roth was hired to fill. (ECF 46 at 14.) Because plaintiff does not explain how Roth's resume is relevant, defendant need not produce it.

RFP 67, as modified by plaintiff, seeks Jennifer Naumann's resume. (ECF 42 at 14.) Defendant says it has produced the resume. (ECF 46 at 14.) Thus, plaintiff's motion as to this request is denied as moot.

RFPs 85 and 86, respectively and as modified by plaintiff, seek the resumes of Marijha Jernigan and Andrea Myers. (ECF 42 at 14.) Defendant says these documents are irrelevant

7

because plaintiff did not apply for the positions Jernigan and Myers hold. (ECF 46 at 14-15.) Plaintiff asserts that the resumes are "[p]roof that [he] was subject to different terms and conditions." (ECF 42 at 14.) But plaintiff does not explain how the resumes will show that Jernigan and Myers received preferential treatment. Thus, plaintiff's motion as to RFPs 85 and 86 is denied.

In RFPs 90 and paragraph 35 of plaintiff's motion, respectively, plaintiff seeks Kristin Johnson and Patricia Vargas's resumes and work histories with defendant. (*Id.* at 14-15.) Defendant says Johnson's documents are irrelevant because, when she was promoted, she did not hold the same position or report to the same supervisor as plaintiff. (ECF 46 at 15.) Defendant says Vargas's information is irrelevant because plaintiff "did not apply under the same job requisition to which [Vargas] was hired." (*Id.*) Absent a showing that Johnson and Vargas are comparable to plaintiff, which plaintiff has not made, plaintiff's motion as to these requests is denied.

In paragraph 36 of plaintiff's motion, he requests "the team's work allocation spreadsheet as it looked prior to June 2022." (ECF 42 at 15.) Because defendant says it has produced all responsive documents (ECF 46 at 15), plaintiff's motion as to this request is denied as moot.

**Conclusion**

For the reasons set forth above, the Court grants in part and denies in part plaintiff's motion to compel. Defendant is ordered to produce information and documents in accordance with this order by March 1, 2023.

**SO ORDERED.**                                   **ENTERED: 2/7/23**

_____
**M. David Weisman**
**United States Magistrate Judge**